UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN CESAR ALBERT HINOSTROZA VELASQUEZ,

                Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

                Respondents.

No. 1:26-cv-03246-DJC-SCR

ORDER

      Petitioner Ryan Cesar Albert Hinostroza Velasquez brings a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order.  The Court informed the parties that it intended to rule on the merits of the Petition.  As explained below, the Petition is DENIED.

////

////

////

////

////

////

1

## BACKGROUND

Petitioner Ryan Cesar Albert Hinostroza Velasquez previously filed a petition for writ of habeas corpus in this Court.  (Pet. for Writ of Habeas Corpus (ECF No. 1), *Hinostroza Velasquez v. Warden*, No. 1:26-cv-02364-DJC-SCR (E.D. Cal. Mar. 27, 2026).)  This Court granted the petition as to the due process claim and ordered Respondents to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge where the Government would bear the burden of proof.  (*See id.* at Prior Order (ECF No. 8).)  The case was closed on April 3, 2026, and judgment was entered the same day.  (*Id.*; J. (ECF No. 9).)  Petitioner received a bond hearing on April 8, 2026.  (IJ Order (ECF No. 9-2), *Hinostroza Velasquez v. Warden*, No. 1:26-cv-03246-DJC-SCR (E.D. Cal. Apr. 28, 2026).)  The Immigration Judge denied bond, concluding that Petitioner was a danger to the community.  (*See generally* IJ Order.)  On April 28, 2026, Petitioner filed a new Petition in this Court and Motion for Temporary Restraining Order.  (Pet. (ECF No. 1); Mot. TRO (ECF No. 2).)  Respondents filed an Opposition on May 4, 2026.  (Opp'n (ECF No. 9).)  On May 28, 2026, Respondents lodged the audio recording from the underlying bond hearing.  (ECF No. 10.)

## LEGAL STANDARD

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard."  *Id.* (citation and quotations omitted).  "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).  The reviewing court must bear in mind that "the government's

discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).  Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion.  *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

## DISCUSSION

Petitioner challenges the bond hearing he received, contending that it lacked individualized analysis and did not meet due process standards.  (Pet. at 4.)  In turn, Respondents limit their opposition to administrative exhaustion, contending Petitioner should pursue relief through an administrative appeal to the Board of Immigration Appeals.  (*See generally* Opp'n.)

As the Court has concluded in other cases, administrative exhaustion is not warranted here.  To the extent Petitioner challenges the constitutional adequacy of the bond hearing he received, the Court retains jurisdiction to enforce its prior orders. *Saldana Meza v. Warden*, No. 1:26-cv-00800-DJC-EFB, 2026 WL 1430934, at *2 (E.D. Cal. May 21, 2026) (waiving exhaustion and reviewing immigration court's findings for abuse of discretion); *but see C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *4 (E.D. Cal. Jan. 29, 2026) (declining to apply "prior order" carveout but excusing exhaustion).

Applying the legal standards identified above, the Court concludes that the Immigration Judge did not abuse his discretion in denying Petitioner's bond.  The audio recording reflects that the Immigration Judge cited the correct legal standard and explicitly required the Government to bear the burden of proof.  The Immigration Judge heard argument from both parties and reviewed the evidentiary record presented before him.  (*See generally* Audio Recording.)  Specifically, the Immigration Judge concluded that Petitioner was a danger to the community because of a December 2025 conviction in Utah in which Petitioner, as an adult, took minor students in his car on to school property to fight another student who was allegedly

being a bully.  (Audio Recording at 31:27–33:40.)  The record reflects that Petitioner acknowledged this conviction of criminal trespass as well as other convictions for disorderly conduct and contributing to the delinquency of a minor.  The record also reflects that after considering all the evidence, the Immigration Judge concluded that Petitioner was a danger to the community.  Because this Court's review is limited to whether the Immigration Judge applied the correct standard, which the record establishes that he did, the Court concludes that there is no legal error.  Moreover, the Immigration Judge did not abuse his discretion in his decision to deny bond because the dangerousness finding as to Petitioner is supported by sufficient evidence.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.  The Clerk of Court is directed to CLOSE this case and enter judgment for Respondents.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  __**June 5, 2026**__

_____
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE